**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0556-18T2

JOSEPH A. SIMIRIGLIO, JR.,

     Appellant,

 v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and ALLIANCE SENSORS
GROUP,

     Respondents.

_____

Submitted December 11, 2019 – Decided December 20, 2019

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 156,638.

Joseph A. Simiriglio, Jr., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Respondent Alliance Sensors Group has not filed a brief.

PER CURIAM

Appellant Joseph Simiriglio Jr. appeals from the September 26, 2018 final agency decision of the Board of Review of the Department of Labor and Workforce Development (Board) that denied his application for unemployment benefits. We affirm.

Appellant filed a claim for unemployment benefits on May 13, 2018. A Deputy of the Division of Unemployment and Disability Insurance determined that appellant was ineligible for benefits for a two-week period from July 1, 2018 through July 14, 2018 because he was unavailable for work during those weeks. On July 23, 2018, appellant challenged the Deputy's determination to the Appeal Tribunal, which held a telephonic hearing on August 2, 2018.

At the hearing, appellant testified that from July 5, 2018 through July 12, 2018, he was on a preplanned vacation in Jamaica. Once he was laid off from work, appellant confirmed he tried to cancel his vacation but he "had no choice." Appellant testified he "had to take this vacation or lose $2,800 in total." Still, he affirmed that while he was on vacation, he made daily contact with several prospective employers, using his cell phone and a computer available at the resort. He testified he also checked online to confirm that flights were available

so he could fly home from Jamaica, and "[w]ithin [twenty-four] hours [he] could have been at an employer for an interview."

The Appeal Tribunal affirmed the decision of the Deputy and held appellant was ineligible for benefits from July 1, 2018 through July 14, 2018 because he was unavailable for work during those two weeks, as defined under N.J.S.A. 43:21-19(q).  Appellant appealed the Tribunal's decision to the Board on August 13, 2018.  The Board affirmed the Tribunal's decision on September 26, 2018, triggering the instant appeal.

On appeal, Appellant complains that because an employment interview "can be in-person, over the phone, by [S]kype, via the internet, [and] by texting," the denial of benefits was in error.  Additionally, he asserts the current state of unemployment law is "obsolete, in need of revision to fit current trends and market conditions."

Our review of an administrative agency decision is limited.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).  We will not interfere with the Board's decision unless it is arbitrary, capricious, or unreasonable, or is not supported by substantial credible evidence in the record as a whole.  Id. at 210.

An unemployed individual is eligible to receive benefits with respect to any week if he or she "is able to work, and is available for work, and has

demonstrated to be actively seeking work." N.J.S.A. 43:21-4(c)(1).  By statute, an individual voluntarily on vacation (as opposed to a required vacation through a collective action or collective bargaining agreement beyond the individual's control) is not deemed available for work.  See N.J.S.A. 43:21-4(c)(3).

The Board agreed with the Appeal Tribunal that while appellant was on vacation in Jamaica, he was not able to immediately report for work and thus, unavailable for work while unemployed.  This finding is supported by the evidence in the record. Accordingly, there is nothing arbitrary or unreasonable in the determination that this conduct did not satisfy N.J.S.A. 43:21-4(c)(1).

To the extent we do not address appellant's remaining arguments, we are satisfied they do no warrant discussion in this written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0556-18T2